LAW OFFICES OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
bschwam@sbcglobal.net
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MEHMUDA DADABHOY,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; AND DOES 1 TO 10, INCLUSIVE,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>**[29 U.S.C. Section 1132]** |
|---|---|

Plaintiff, MEHMUDA DADABHOY, (hereinafter referred to as "Plaintiff"), complains of Defendants LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter referred to as "LINA" or "Defendants") and Does 1 to 10, inclusive, as follows:

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan ("PLAN") regulated and governed under ERISA. Jurisdiction is predicated under

these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about March 9, 2018, at which time she was informed that LINA had denied Plaintiff's appeal of the denial of her long term disability benefits.

**GENERAL ALLEGATIONS**

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, ACUITY BRANDS, INC. (hereafter "ACUITY") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Riverside County, residing within the Central District of the State of California.

7. On information and belief, LINA insures the Plan and is contractually obligated to pay long term disability ("LTD") benefits for claims covered and approved through the Plan.

**FACTUAL AND LEGAL BACKGROUND**

8. At all times relevant hereto, Plaintiff, currently age 63 (DOB: 9/9/54), was employed by ACUITY as a buyer/planner.

9. Plaintiff first became disabled on June 3, 2016. Under the terms of the Plan, the elimination period was 90 days, and therefore, the benefit start date would have been September 1, 2016.

10. Plaintiff's occupation, according to Defendant, required light duty restrictions. Her job, however, required spending all day on the computer with some bending and continuous use of her hands, and was thus a sedentary occupation.

11. Since no LTD benefits have been paid, the definition of total disability is whether or not claimant can perform the duties of her own occupation.

12. Claimant's disabling injury is right and left carpel tunnel syndrome with bilateral wrist pain and tendinitis. There are significant entries in the administrative record showing weakness on the Jamar Grip test and Pinch test, and also a loss of range of motion. Plaintiff regularly wore wrist braces, had physical therapy, injections and medications ultimately leading to a right carpal tunnel release and wrist release tendon dequeruains on July 7, 2017.

13. Surgery on the left wrist and hand was recommended and that was scheduled to occur in 2018 to allow post-operative recovery of the right hand and wrist.

14. The record is clear that Plaintiff's employer advised LINA that it could not accommodate the restrictions imposed on Plaintiff by her treating physicians.

15. Defendant's position is unsustainable. LINA claims there are no significant findings justifying her claimed disability status which is clearly not supported by the medical records.

16. Plaintiff, in her appeal letter of November 6, 2017, clearly supported the facts stated in Paragraphs 12 through 15.

17. On March 9, 2018, Plaintiff's appeal was denied and all administrative remedies have been exhausted.

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

## FIRST CLAIM FOR RELIEF

## For Damages and Benefits Against Defendant LIBERTY

## (Pursuant to 29 U.S.C. Section 1132(a)(1))

18. Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

19. Plaintiff contends that the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

20. As a direct and proximate result of LINA's wrongful denial of LTD benefits, Plaintiff contends that LINA has breached the contract by not paying monthly benefits, payable at the rate of $4,500.00 (60% of monthly income of $7,500.00) from September 1, 2016 to the present and continuing less any applicable offsets.

21. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD Plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them, as follows:

4

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $4,500.00 per month, from September 1, 2016 to the present and continuing, less any applicable offsets;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: June 26, 2018          LAW OFFICE OF BERNARD R. SCHWAM

                                              By: /s/ Bernard R. Schwam
                                                  BERNARD R. SCHWAM
                                                  ATTORNEY FOR PLAINTIFF
                                                  MEHMUDA DADABHOY